IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>C. SMITH; L. PENNISI; R. GROUNDS; ARTURO VILLALOBOS,<br><br>    Defendants<br>                                / | No. C 13-1229 WHA (PR)<br><br>**ORDER OF SERVICE; SCHEDULING DISPOSITIVE MOTION** |

      Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983 against officials at Salinas Valley State Prison ("SVSP") claiming that they violated his Eighth Amendment rights and state law.  Plaintiff was granted leave to file an amended complaint, and he has done so against defendants C. Smith; L. Pennisi; R. Grounds and Arturo Villalobos. When liberally construed, the amended complaint states cognizable claims against all four defendants.  Service of process has been completed on Smith, Pennisi and Grounds.  Villalobos has not yet been served, as he was not named in the original complaint.  Accordingly, service will be ordered upon Villalobos, and dispositive motions from defendants will be ordered, below.  If defendants choose to file a dispositive motion, they shall not make any arguments that have already been rejected in prior orders in this case, particularly in the order dated February 21, 2014.

      For the reasons set out above, it is hereby ordered as follows:

      1.  The clerk shall issue summons and the United States Marshal shall serve, without

prepayment of fees, a copy of the amended complaint with all attachments thereto, and a copy of this order upon defendants: **Correctional Sergeant Arturo Villalobos** at **Salinas Valley State Prison**.

    2. Defendants shall file an answer to the amended complaint withing **21 days** of the date Villalobos is served.

    3. In order to expedite the resolution of this case:

        a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

        c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

        d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

        e. Along with their motion, defendants shall proof that they served plaintiff the *Rand* warning at the same time they served him with any motion for summary judgment. Failure to do so will result in the summary dismissal of their motion without prejudice.

IT IS SO ORDERED.

Dated: April __15__, 2014.

                                          WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.