IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GRAY,<br><br>    Plaintiff,<br><br>  v.<br><br>C. SMITH; L. PENNISI; R. GROUNDS; ARTURO VILLALOBOS,<br><br>    Defendants<br>                                                           / | No. C 13-1229 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM; STAYING CASE**<br><br>(Docket Nos. 31, 34) |

**INTRODUCTION**

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983 against officials at Salinas Valley State Prison ("SVSP") claiming that they violated his Eighth Amendment rights and state law. The claims against defendants Mike Ku and Nash were dismissed, and the motions for summary judgment by defendants C. Smith and L. Pennisi were denied. Plaintiff was given leave to amend the complaint to state a cognizable claim against defendant Grounds (the SVSP Warden) and to supply the name of defendant "John Doe." Plaintiff filed an amended complaint reiterating his cognizable claims against Smith and Pennisi, identifying "John Doe" as Arturo Villalobos, and amending his claims against Grounds. The remaining defendants — Smith, Pennisi, Villalobos and Grounds — have answered the complaint. Grounds has filed a motion for summary judgment. Plaintiff has filed

an opposition to Grounds's motion and a summary judgment of his own. Grounds filed a reply brief regarding his summary judgment motion, and defendants jointly filed an opposition to plaintiff's summary judgment motion. After consideration of all these papers, the supporting exhibits, and the other documents in this case, Grounds's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**, plaintiff's motion for summary judgment is **DENIED**, and the case is referred to the court's Pro Se Prisoner Mediation Program.

## ANALYSIS

### I. STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid*.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Ibid*. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid*.

Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.* at 1166. But if material facts are disputed, summary judgment should be denied. *Ibid*. The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not

2

exhaust that available administrative remedy. *Id.* at 1172. Once the defendant has carried that burden, the prisoner has the burden of production. *Ibid.* That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Ibid.* The ultimate burden of proof remains with the defendant. *Ibid.*

## II.    LEGAL ARGUMENTS

Plaintiff alleges the following in his amended complaint: After a riot at SVSP in 2012 all inmates at SVSP were ordered to lie flat on the ground. Plaintiff was in the exercise yard and not involved in the riot, but he complied with the orders to get down. Once all inmates were prone on the ground, officers began the process of handcuffing all of them in plastic "flex" cuffs. When defendant Villalobos approached plaintiff to hand cuff him, he ordered plaintiff to first crawl backwards towards him. Plaintiff complied, but Villalobos grabbed his arm, dragged him backwards, called him a "mother fucker" and put flex cuffs on him so tightly that they cut his right wrist, caused bruising, cuts and "extreme" pain. Plaintiff remained in the cuffs for the next five and a half hours despite his repeated requests of staff, including defendants Smith and Pennisi, to loosen or remove them. Prison staff members responded to these requests and complaints of pain that they did not have cuff cutters. When the cuffs were eventually removed, he had bruising, numbness and was diagnosed with a pinched nerve in his right hand from which he suffered for many months.

Plaintiff claims that it is a common practice among officers at SVSP to apply flex cuffs too tightly and leave them on inmates for an extended period of time. He claims that defendant Grounds, the Warden, knew about this practice and the pain and injuries caused, but he failed to implement any policies to stop the practice, to require staff to carry cuff cutters, or to seek alternative restraint gear.

### 1.    Failure to Exhaust Claims Against Grounds

Defendant Grounds moves for summary judgment because plaintiff did not exhaust his claims against Grounds through all available administrative remedies. The Prison Litigation

3

Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

The parties do not dispute that plaintiff had all of the foregoing administrative remedies available to him fo pursue his claims against Grounds. They also do not dispute that plaintiff filed many grievances, but only one about the events following the 2012 riot: grievance number SVSP-L-12-02370. (Amend. Compl. Exh. A.) Grounds does not dispute that this grievance was exhausted, but he argues that it did not exhaust the claims against him because it did not name him, did not allege that putting inmates in tight cuffs for an extended time period was a common practice, or that Grounds knew about and failed to stop this practice. Plaintiff does not dispute that he did not name Grounds or include this claim in his grievance, but he argues that prison officials were nevertheless alerted to this claim by what was included in the grievance.

Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of

4

the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance need not include legal terminology or legal theories unless they are needed to provide notice of the harm being grieved. *Ibid*. Nor must a grievance include every fact necessary to prove each element of an eventual legal claim. *Ibid*. The purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. *Ibid*. The grievance should include sufficient information "to allow prison officials to take appropriate responsive measures." *Ibid.* (citation and internal quotation omitted) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order); *see Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014) (claim properly exhausted where inmate described nature of the wrong and identified defendant as a responding officer who applied pressure to inmate's ankle deliberately to inflict pain). In the California prison system, the regulations require that a grievance list all staff members involved and describe their involvement in the issue. 15 Cal. Code Regs. § 3084.2(a)(3).

Grievance number SVSP-L-12-02370 did not alert prison officials to plaintiff's claims against Grounds so as to allow officials to take appropriate responsive measures. In the grievance, plaintiff stated that an officer had dragged him and aggressively put on the flex cuffs too tightly, that it hurt and restricted his blood flow, that he was in the cuffs for five hours, and that his complaints to "over a dozen officers," including Smith, were met with the response that they did not have cuff cutters (Amend. Compl. Exh. A). The grievance also asserted that this violated prison regulations against using mechanical restraints to cause pain or restrict blood flow (*ibid.*). Plaintiff also stated that he suffered from pain, bruises, and numbness (*ibid.*). The grievance did not, however, name Grounds, as is required by the prison regulations. Nor did the grievance state that the tight cuffing and injuries plaintiff suffered was a common practice at SVSP, that Grounds knew about the practice, or that Grounds had failed to implement policies to stop the practice. Therefore, while the grievance informed prison officials that tight cuffs had

5

occurred in one instance, namely against plaintiff, it did not alert them that the tight cuffs was a common practice, that Grounds knew about the practice, and that there was a widespread problem of staff not having cutters that Grounds had failed to correct, which is the claim plaintiff makes against Grounds in this case. Because officials were not alerted to fact that the problems were widespread, they did not have a reasonable opportunity to address the common practice, as opposed to the single incident described in the grievance. As a result, plaintiff has not satisfied the PLRA's exhaustion requirement for his claims against Grounds. Accordingly, Grounds is entitled to summary judgment on plaintiff's claims. This conclusion does not preclude plaintiff from brining his claims in a future case (not in an amended complaint in this case) if he exhausts the claims first.

2. <u>Injunctive Relief</u>

Defendant Grounds also argues that the claims for injunctive relief in the amended complaint should be dismissed. In both the original and amended complaint, plaintiff seeks a ban on the use of flex cuffs, to have an appropriate number of staff carry cuff cutters, and to set a limit on how long inmates can be held in flex cuffs. The request for a complete ban on cuffs has already been denied because it is not the least intrusive means of correcting a constitutional violation, *see* 18 U.S.C. 3626(a)(1) (limiting availability of prospective injunctive relief); the cuffs could be used less tightly so as to avoid causing unnecessary pain or injury, for example. Defendant has not shown that the other two injunctive relief requests are over broad or excessive means to prevent further episodes like the one plaintiff asserts took place here. Accordingly, plaintiff's request for a complete ban on the use of flex cuffs is dismissed, but the other requests for injunctive relief are not dismissed.

3. <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff has filed a motion for summary judgment. For the reasons discussed above, he is not entitled to summary judgment against defendant Grounds. In the prior order denying the motion for summary judgment by defendants Smith and Pennisi, it was explained that there are triable issues of fact pertaining to plaintiff's claims against them. As a result, plaintiff is not

6

entitled to summary judgment on his claims Smith and Pennisi. Finally, plaintiff claims that defendant Villalobos applied excessive force against him, but Villalobos denies applying the force. This creates a genuine and material factual dispute on the claim of excessive force against him. Consequently, plaintiff is not entitled to summary judgment against Villalobos either. Plaintiff's motion for summary judgment will be denied.

    4.    Referral to Pro Se Prisoner Mediation Program

The court has established a Pro Se Prisoner Mediation Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings consist of one or more conferences as determined by the mediator. As summary judgment has been denied to plaintiff and to defendants Pennisi and Smith, and defendant Villalobos's deadline for seeking summary judgment has passed, this case is ready for trial and referral to the Federal Pro Bono Project for location of volunteer counsel to represent plaintiff. Prior to such a referral and the setting of trial dates, however, it is appropriate to refer this case for mediation with Magistrate Judge Nandor J. Vadas in the Pro Se Prisoner Mediation Program.

**CONCLUSION**

Defendant Grounds's motion for summary judgment is **GRANTED** on the claims against him, but **GRANTED IN PART AND DENIED IN PART** on the requests for injunctive relief (dkt. 31). Plaintiff's motion for summary judgment is **DENIED** (dkt. 34).

This case is **REFERRED** to Magistrate Judge Vadas pursuant to the Pro Se Prisoner Mediation Program. All further proceedings in this case except those related to the mediation and compliance with the subpoena as ordered above are **STAYED** pending completion of that procedure.

The mediation proceedings shall take place within 120 days of the date this order is entered. Magistrate Judge Vadas shall coordinate a time and date for a mediation proceeding with all interested parties or their representatives and, within five days after the conclusion of the mediation proceedings, file a report. All mediation proceedings shall be confidential and no

1 statement made therein will be admissible in any proceedings in the case, unless the parties
2 otherwise agree.  No part of the mediation proceeding shall be reported, or otherwise recorded,
3 without the consent of the parties, except for any memorialization of a settlement.
4     The clerk shall send a copy of this order to Magistrate Judge Nandor Vadas.
5 **IT IS SO ORDERED.**

6 Dated: February __27__, 2015. 
7 WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE